ALLISON v. CORSON et al.

(Circuit Court, D. South Dakota, W. D.   December 1, 1897.)

No. 176.

1. MORTGAGES—PURCHASE OF TAX CERTIFICATE BY JUNIOR MORTGAGEE—INJUNCTION.

If a junior mortgagee of real property, which is not worth the amount due on the prior mortgage, pays delinquent taxes thereon, the senior mortgagee cannot secure a decree in equity restraining him from obtaining a tax deed, without reimbursing him for such payment.

2. SAME.

This rule applies although, before bringing suit, the senior mortgagee has bought the property in under proceedings, instituted after the taxes were paid, to foreclose his own mortgage.

3. SAME.

It also applies although the junior mortgagee was a party to the foreclosure action, in which he sought unsuccessfully to have his mortgage declared to be a first mortgage, and did not there set up his interest arising out of the tax payment.

Edwin Van Cise and Chase & Dickson, for complainant.
C. S. Palmer, for defendants.

CARLAND, District Judge. The complainant, a citizen of the state of Iowa, brings this action, as receiver of the Western Home Insurance Company, against the defendants, for the purpose of enjoining the defendant John L. Burke, as county treasurer of Fall River county, S. D., from issuing, and the defendants Henry T. Corson and

J. W. Russell from applying for and receiving, a tax deed from said Burke, as county treasurer, for lots 1, 2, 3, and 4, block No. 23, of the Second Minnekahta addition to the town of Hot Springs, S. D., which is alleged to be of the value of more than $2,000. All the defendants are citizens of South Dakota, except Russell, who is a citizen of Vermont. On the filing of the bill, an order to show cause was granted why a temporary injunction should not issue as prayed for in said bill. A restraining clause was inserted in the order. At the hearing on the order to show cause, the following facts appeared: On June 19, 1896, the complainant, as receiver of the Western Home Insurance Company, commenced an action in the circuit court for Fall River county, S. D., for the purpose of foreclosing a mortgage on the real estate hereinbefore described, which mortgage was given to secure the sum of $10,000, by Fred D. and Ella S. Gillespie, on June 17, 1890. The defendant J. W. Russell, as trustee for certain bondholders, was the holder of another mortgage on the same property for $15,000, given by the same mortgagors. Russell was made a party defendant in the said foreclosure action, and therein set up the claim that the $15,000 mortgage was a superior lien to the mortgage which was then being foreclosed in said action. The foreclosure action went to trial, and the circuit court of the county of Fall River, state of South Dakota, on the 12th day of July, 1897, adjudged and decreed that the mortgage owned by the Western Home Insurance Company was superior to the mortgage held by the defendant Russell. It further appears that on the 31st day of January, 1896, the defendant Russell, finding that the land in question had been sold for delinquent taxes, and had been bid in by the county of Fall River, purchased from the treasurer of Fall River county the tax-sale certificates for the years 1892 and 1893, and paid, for the assignment of said certificates, $1,164.35; that this purchase was made while the defendant Russell was the holder as trustee of a junior mortgage on the land in question; that on the 1st day of May, 1897, defendant Russell, in order to secure funds to carry on litigation in connection with his trusteeship, for value received, sold and assigned said tax-sale certificates to the defendant Corson; that the defendant Corson, at the time of the commencement of this action, was taking the necessary steps to obtain a tax deed of the land hereinbefore described; that said land is not worth more than one-fourth of the amount due on the mortgage owned by the Western Home Insurance Company, which amount, as adjudicated by the circuit court for Fall River county, is $16,618.26; that said land has been sold under said decree of foreclosure, and bid in by the complainant herein, as receiver of the Western Home Insurance Company. The bill also alleges certain irregularities in and about the assessment of the taxes for which the land was sold, and certain irregularities in regard to the manner in which the land was sold; but none of these defects, if they exist, go to the justness or groundwork of the taxes, and in view of the affidavits submitted by the defendant Burke, and of chapter 3, Laws S. D. 1895, this feature of the case made by the bill will be dismissed as without merit.

The two grounds urged why an injunction should issue restraining the defendants Corson or Russell from receiving, and the defendant

Burke from issuing, a tax deed on the certificates purchased by Russell, are: First, Russell, as holder of the junior mortgage, could not acquire a tax title to the land in question while he so held it, as against the owner of the senior mortgage; second, if he could acquire such a tax title, and he held that interest at the time he was made a party to the foreclosure action in the circuit court for the county of Fall River, then it was his duty to set up his claim in that action, or be forever barred. Corson, in taking an assignment of the tax certificates, does not stand in any better position than Russell, but he stands in just as good a position, and is entitled to be subrogated, so to speak, to the rights of Russell, whatever they may be. It will be necessary, then, to determine the relative rights and duties of the owner of the property and the senior and junior mortgagees towards each other, as to the payment of the taxes for which the land was sold; and their relative duties and obligations cannot be better stated than in the language of Judge Cooley, in Insurance Co. v. Bulte, 45 Mich. 121, 7 N. W. 710:

"It certainly cannot be said that the second mortgagee owes any duty to the first mortgagee to protect his lien as against tax sales. Neither, on the other hand, does the first mortgagee owe any such duty to the second mortgagee, or to the owner. To the state each one of the three may be said to owe the duty to pay the taxes; and the state will sell the interest of all if none of the three shall pay. As between themselves, the primary duty is upon the mortgagor; but, if he makes default, either of the mortgagees may pay, and one of the two must do so, or the land will be sold, and his lien extinguished. But in such cases, where each has the same right, payment by one is allowed to increase the amount of his incumbrance; for in no other way could he have security for its repayment by the mortgagor, who ought to protect the security he has given. When, therefore, each mortgagee has the same interest in making payment of the tax, and the same right to do so, and the same means of compelling repayment, it may well be held that a purchase by one shall not be suffered to cut off the right of the other, because it is based as much upon his own default as upon that of a party whose lien he seeks to extinguish. It is as just and as politic here as it is in the case of tenants in common to hold that the purchase is only a payment of a tax. But in equity this can only be so when the party paying is in position to add the amount of the payment to the amount of his lien. It has never been held that any other person can have the benefit of the mortgagee's payment or purchase without being under any obligation to repay him the cost."

In this connection it is well to bear in mind that, on the conceded facts in this case, the holders of the junior mortgage have no way of collecting the principal mortgage debt, saying nothing about the taxes that they have paid. By applying the following language to the complainant in this action, it becomes pertinent:

"No doubt, the first mortgagee had a right to insist that the purchase was in part for his protection, and to treat it as a payment merely; but this was at his option, and it stood as a good purchase as to all the world, except as to those who might have equities in respect to it, and who should see fit, in proper mode, and by the observance of suitable conditions, to assert their equities. And one fundamental condition in every such case must be that the party claiming the benefit of the purchase shall do what is equitable in respect to it." Insurance Co. v. Bulte, 45 Mich. 123, 7 N. W. 710.

Complainant comes into this court under these circumstances, and appeals to the conscience of the court to prevent the issuance of this tax deed, and in no wise has tendered or offered to pay the taxes

which were paid to protect the property of which he now claims to be the owner. This court knows no such principle of equity and fair dealing. So much from the standpoint of the relation of the parties to this action; but, on general principles of equity and good conscience, the complainant does not stand in a position to enjoin the issuance of this tax deed without payment of the tax, so long as there is no just complaint against the groundwork or justness of the tax.

As was said in Hart v. Smith, 44 Wis. 218:

"Nor do we understand. that the rule long established in courts of equity, that he who seeks equity must do equity, is qualified or abrogated in favor of a party who seeks to remove a cloud upon his title to real estate by reason of illegal proceedings, taken to enforce a valid tax assessed thereon; and that such party may demand, as a right, from a court of equity, that such cloud shall be removed without his doing what justice and equity demand,— that is, pay the tax. None of the cases in this court recognize any such right on the part of the plaintiff, and we think no such right exists. It would be a gross impeachment of the power of a court of equity to deny it the right to demand of its suitors good faith and common honesty, before it shall be compelled to grant them any relief."

So, conceding that the purchase by Russell simply amounted to the payment of a tax, the complainant is not entitled to any relief until he shall pay the taxes paid for his benefit. It is suggested by counsel for defendant that Russell purchased the tax certificates individually, and not as trustee. It is sufficient to say that he could not do this, as it would be a violation of his trust. In the foreclosure proceeding, had in Fall River county, the defendant Russell was seeking to have his mortgage declared to be a first mortgage, and, if he had succeeded, he would have added the taxes paid to the amount of his debt; and merely because he failed in his efforts is no reason why he should be barred from asking the complainant to do equity. The order of the court will be that the restraining order heretofore issued in this action be, and the same is hereby, continued for the period of 30 days; and it is further ordered that unless the complainant shall pay the taxes represented by the certificates of sale. upon which defendant Corson is applying for a tax deed within said 30 days, said restraining order be set aside, and held to be of no force.